## JOE KELLY v. STATE.

No. A-8117.   Sept. 19, 1931.
(3 Pac. [2d] 244.)

R. R. Rittenhouse, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Creek county of the crime of obtaining merchandise and money from Humes Drug Company, by means of a false and bogus check, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

Defendant in his brief says that there is only one assignment of error deemed essential to a determination of the issue in this case on appeal, and that is his No. 4, which reads as follows:. "Said court erred in admitting, over the objection of plaintiff in error, certain incompetent, irrelevant and immaterial testimony and evidence, which testimony and evidence was introduced for the purpose of prejudicing the minds of the jury against said defendant, plaintiff in error here."

The particular contention of defendant is that the court erred in admitting in evidence exhibits which were found on the premises of defendant, after he had been incarcerated in jail and several months after the commission of the offense.

The objection of the defendant and his argument in his brief made to the competency and relevancy of this evidence are directed against its weight and not against its admissibility. The finding of these particular exhibits, which were so closely connected with the commission of the crime, on the premises owned by this defendant, was a circumstance that the jury had a right to consider, and the fact that these exhibits were not discovered by the officers when the search was made and were not discovered until after Masters and Christy, codefendants, had been released from jail, are all facts the jury had a right to consider in determining the weight which should be placed upon the evidence, but in no way affected its admissibility.

Defendant also contends that the court erred in admitting in evidence certain statements made by the codefendants, Masters and Christy, after the checks were cashed and after the money and merchandise had been obtained and after the crime had been completed.

The record does not support this contention.

An examination of the record discloses that the errors complained of are without any substantial merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.