16168

STATE v. HUGHEY

(51 S. E. (2d) 376)

*Mr. C. E. Saint-Amand,* of Newberry, *for Appellant,*

*Mr. Samuel R. Watt,* Solicitor, of Spartanburg, *for Respondent.*

January 11, 1949.

TAYLOR, Justice.

The appellant Dewey "Boots" Hughey and his co-defendant, J. R. Cooksey, were jointly charged and tried at the

January, 1947, term of General Sessions Court for Chero-
kee County for the murder of one Coy Hunt. Both were con-
victed of manslaughter. Appellant was given a sentence of
eight years at hard labor and now appeals to this court upon
exceptions which pose the question of whether or not the
court committed error in refusing to allow appellant to cross-
examine the witness Sergeant Broom.

At the beginning of the trial it was announced to the
Court that the appellant was represented by Mr. C. E. Saint-
Amand and the defendant Cooksey by Mr. H. R. Swink.
In the course of the trial Sergeant Broom was placed upon
the stand by the defendant Cooksey. At the conclusion of
the examination by Mr. Swink, attorney for Mr. Cooksey,
appellant's attorney attempted to cross-examine the witness
but was informed by the presiding judge that defendant
Hughey had a right to re-direct examination but would not
be allowed to cross-examine the witness as the defense was
acting as a unit. Appellant neither took the stand nor pre-
sented any witnesses.

Cross-examination presupposes the hostility of the
witness, or that the matter testified to upon which he
is crossed is opposed and contrary to the contention
of the party conducting the cross-examination, and a favor-
able answer does not open the door to cross-examine, on
that matter, to the party in whose favor the witness testifies.
Where, however, the witness is hostile it is within the dis-
cretion of the court to allow the party calling the witness
to cross-examine him. Generally one defendant has a right
to cross-examine a witness who has testified adversely to
him as the witness of his co-defendant. 70 C. J. 781. The
object of cross-examination is to weaken or disprove the
case of one's adversary. 70 C. J. 787.

It is therefore clear that the defendant would be en-
titled to cross-examine this witness if it appears that
such testimony as had been solicited previously was

adverse to his contention. However, a close examination of the testimony of this witness on direct examination reveals that it was most favorable to the appellant in every respect so much so that it is difficult to see how it could have been more so had appellant placed the witness on the stand himself. That portion of witness Broom's testimony which proved damaging to appellant was brought out upon cross-examination by the Solicitor and the record discloses that appellant's attorney was thereafter allowed to examine the witness.

Appellant cites as authority for his position the case of *State v. Holmes,* 171 S. C. 8, 171 S. E. 440. An examination of that case shows that three defendants were jointly indicted and tried together, one of which testified on his own behalf and gave very damaging testimony against his codefendants. It was of course held that under those circumstances counsel for Holmes had the right to a general cross-examination.

Great latitude must necessarily be allowed the trial court in the exercise of its sound discretion relative to the examination of witnesses.

This court is unable to see where appellant suffered prejudice by such ruling and is of the opinion that the judgment and sentence of the Court of General Sessions should be affirmed and

It is so ordered.

BAKER, C. J., and FISHBURNE, STUKES, and OXNER, JJ., concur.