STATE OF IOWA, appellee, v. CHARLES HARLAN BALES, appellant.

No. 48576.

(Reported in 68 N.W.2d 95)

January 12, 1955.

Edmund Scarpino and Don Hise, both of Des Moines, for appellant.

Dayton Countryman, Attorney General, Raphael R. R.

Dvorak, Assistant Attorney General, and M. C. Herrick, County Attorney, of Indianola, for appellee.

THOMPSON, J.—On the night of December 21-22, 1953, a store building in the town of Lacona in which Kenneth J. Butler operated a produce and feed business was burglarized. There was a breaking and entering of the building, and a safe therein was opened. Within the safe were certain drawers which were opened by use of a metal instrument. From these, or one of them, approximately $200 in currency and coins was taken. Certain marks were left on the drawers which had not been there prior to the break-in.

The chief witness for the State was James W. Kepler, who testified that on the night in question he went with the defendant and one Fletcher to Lacona, where he and the defendant broke into the store and the safe, while Fletcher sat in the car outside. His testimony without doubt connects the defendant directly with the burglary and makes him an active participant in it, and it is not contended otherwise. But Kepler was of course an accomplice, whose testimony standing alone would not be sufficient to warrant a conviction. Section 782.5, Code of Iowa, 1950, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

Defendant's major complaint is that Kepler's testimony was not sufficiently corroborated. This is his first assignment of error. His only other assignment is that certain exhibits offered by the State, including Exhibit 21, should not have been admitted because they were not shown to be sufficiently connected or identified with the defendant.

I. We find no merit in the complaint of lack of corroboration. Exhibit 21 was a steel punch. This was found in a toolbox in defendant's car, on March 7, 1954. This, it will be noted, was well over two months after the burglary. But so far as the time element is concerned, it affects the weight of the

evidence rather than its admissibility. 22 C. J. S., Criminal Law, section 709, note 37. In Kelly v. State, 52 Okla. Cr. 125, 126, 3 P.2d 244, certain exhibits were admitted in evidence which were found on the premises of the defendant several months after the commission of the offense. The Oklahoma Court of Criminal Appeals said: "The objection of the defendant and his argument in his brief made to the competency and relevancy of this evidence are directed against its weight and not against its admissibility." The case is directly in point and we think announces the correct rule of law on the question of the time of the finding of Exhibit 21.

Exhibit 21 is of particular significance in the case at bar because it had a peculiarity on one side, where an edge had been turned up. Robert Barton, identification technician for the Des Moines police department, pointed out this fact, and also testified that gouge marks on the boxes in the safe which had been broken into fitted exactly with the peculiar conformation of the end and side of the steel punch, Exhibit 21. He had made photographs of the marks on the boxes to illustrate the manner in which they corresponded to the punch, and expressed the opinion that the punch in question made the marks shown on at least some of the drawers or boxes from the safe.

It will be observed this punch was found in the possession of the defendant. He admitted the toolbox was his, but said he did not know whether the punch in question was his property. His testimony was that he had loaned Kepler the toolbox and contents some days before the date of the burglary, and it was not returned to him until after that time. Kepler, however, says he returned it a few days before December 20. On this point there was a jury question. The substantial evidence is that an instrument obviously used in the perpetration of the crime was afterward found in the possession of the defendant. Clearly it furnished sufficient corroboration of the testimony of the accomplice Kepler. Having been found in the possession of the defendant, it directly connected him with the burglary, and warranted an inference of his guilt, even apart from the testimony of the accomplice. It was for the jury to say whether it believed his explanation of the loan of the toolbox to Kepler. 12 C. J. S., Burglary, section 59, page 740.

■ II. Defendant's only other assignment of error is that Exhibit 21 and other State exhibits were not sufficiently identified and should not have been admitted in evidence. We have covered this question in Division I, so far as Exhibit 21 is concerned. The other exhibits to whose admission objection was made and denied, and which rulings form the basis of the assigned error at this point, were the other contents of the toolbox found in defendant's car, the sledge found on the premises of the alleged accomplice Fletcher, a brief case or satchel found in Fletcher's car, and certain pictures of the State's exhibits taken by the police technician. It is urged there is no sufficient showing that Exhibit 21 was found in defendant's toolbox. Here defendant overlooks the testimony of R. E. O'Brien, chief of detectives of Des Moines, who said he delivered the box and contents to Sheriff John Taylor, of Warren County, who in turn testified that he received Exhibit 21 from O'Brien. This exhibit was amply identified.

It is true, as to the other punches and the remainder of the contents of the toolbox, the gloves, and the satchel found in defendant's car and in the toolbox, there is no one who said they were the identical instruments or articles used in the burglary. Kepler testified he saw Bales put several tools—"punches and chisels and things like that"—into a satchel case like the one introduced in evidence, and that he—Bales—put on a pair of gloves like Exhibit 27. He also said that the defendant brought a sledge hammer from the basement of the hotel where he lived, and used it, with a steel punch, in breaking into the metal boxes in the safe. State's Exhibit 19, the witness said, resembled the sledge so produced and used by the defendant, except that part of the handle had been sawed off.

■ The general rule applicable here is thus stated in 22 C. J. S., Criminal Law, section 712, pages 1210, 1211: "* * * a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding justifies an inference of the likelihood of its having been used, is admissible for the purpose of showing availability to accused of the means of committing the crime in the manner in which it is shown to have occurred or for the purpose of showing preparation."

The question has been before this court on many occasions and we think the proper rule is well established. In State v. Taylor, 196 Iowa 1015, 1020, 1021, 192 N.W. 294, 296, in circumstances similar to those under analysis in the instant case, we said: "It is true, of course, that there are many red bandana handkerchiefs, revolvers, flashlights, and suits of overalls. No one can positively identify a revolver, probably, unless the number is taken. These articles were shown to be similar to those used in the home of prosecutrix, as she testifies. The finding of several articles of the same character in the defendant's home very soon after the crime is, as said, a combination of circumstances which is significant and quite persuasive. We think that the identification of the handkerchiefs and gun, and of the other articles, for that matter, was sufficient to permit their admission in evidence."

In State v. Lynch, 195 Iowa 560, 565, 192 N.W. 423, 425, it appeared that certain gas tanks, rubber hose and a torch were found in the possession of the defendant. The robbery of which the defendant was accused had been committed with such instruments. There was no direct evidence the articles found in the possession of Lynch were the actual ones so used, but this court held the exhibits were admissible. In State v. La Barre, an Iowa case not found in the Iowa Reports but reported in 210 N.W. 918, at 919, we held a pistol properly admitted in evidence, where it was testified it was of similar appearance and caliber to the one used in a robbery and it had been found in a room where the defendant was present. See also State v. Browman, 191 Iowa 608, 627, 628, 182 N.W. 823, 831. We have studied the cases cited and relied upon by the defendant, but do not find them persuasive under the circumstances shown here. We also think the various articles were sufficiently identified as being in the same condition as when found. There was no error at this point.

III. On December 13, 1954, the defendant-appellant filed an "Amendment to the Record." By this it is attempted to show that on November 24, 1954, while the case was pending in this court on appeal, the defendant filed in the Warren District Court a motion for new trial. This motion was based upon claimed newly discovered evidence, consisting of a repudiation

by the accomplice Kepler of his testimony at the trial by his affidavit filed with the motion, and affidavits of two other parties tending to cast doubt upon the truthfulness of Kepler's testimony. The State has moved to strike this amendment as having been filed too late, after the case had been fully argued. The motion for new trial in the trial court as shown by the amendment to the record recites that it was filed "pursuant to the provisions of Rule 252 of the Rules of Civil Procedure." It should be noted in passing that applications for new trials in criminal cases are governed by chapter 787, Code of Iowa, 1954, and the grounds upon which such a motion may be based are specifically set out (section 787.3). It is also provided by section 787.2 that all applications for new trials in criminal cases must be made before judgment. See also Boyd v. Smyth, 200 Iowa 687, 205 N.W. 522, 43 A. L. R. 1381, and State v. Harper, 220 Iowa 515, 524, 525, 258 N.W. 886, 891.

It is not necessary, however, to determine definitely at this time the merits of the defendant's application for a new trial in the trial court. We think the State's motion to strike the amendment to the record must be granted, because it was filed too late in this court and because it concerns a matter upon which the trial court has had no opportunity to pass. Our holding upon this point is without prejudice to the jurisdiction of the trial court to consider the motion for new trial in due course after the filing of this opinion.—Affirmed.

All JUSTICES concur.