**Charles Harlan BALES, Appellant,**

v.

**P. A. LAINSON, Warden, Iowa State Penitentiary, Appellee.**

**No. 15711.**

United States Court of Appeals
Eighth Circuit.

**May 7, 1957.**

Charles Harlan Bales, pro se.

Norman Erbe, Atty. Gen., of Iowa, and Ralph R. R. Dvorak, Asst. Atty. Gen., filed brief for appellee.

Before JOHNSEN, VOGEL and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Circuit Judge.

The District Court denied, without a hearing, a petition by an inmate of the Iowa State Penitentiary for a writ of habeas corpus, and the prisoner has appealed.[1]

The only basis for a federal writ which the petition contained was a charge, made by appellant in paragraph 4, that his conviction and sentence rested upon perjured testimony, which the prosecuting attorney had knowingly used.

As to this charge, the response filed by appellee, pursuant to the order to show cause issued by the court, merely stated

1. Appellant was under a 25-year sentence for conviction of burglary and as being a habitual criminal, Code of Iowa 1950, §§ 708.8 and 747.5, I.C.A.

"that he has no knowledge of or reason to believe that the judgment, sentence and imprisonment of petitioner was or is based upon 'perjured testimony knowingly used by the prosecutor', and therefore denies petitioner's allegations contained in said paragraph 4".

■ Establishedly, a knowing use of perjured testimony by a state prosecutor, as the means or part of the means of convicting an accused, constitutes, if conviction occurs, a violation of the due process clause of the Fourteenth Amendment against him. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348.

■ The federal district courts accordingly have a responsibility, on habeas corpus being brought, to make examination of such a claimed state violation, through a hearing, except (1) where the facts as to the charge have been the subject of hearing and resolution by the state courts; or (2) where the prisoner has failed to exhaust all of the state remedies apparently existing and seemingly available to him for obtaining such a determination from the state courts; or (3) where it otherwise is capable of being declared as a matter of law that the prisoner is not in the situation entitled to the hearing sought—(a) from the face of the petition, or (b) from the response or return, or (c) from other records which the court may properly notice, or (d) from such demonstration as the court may practicably, in supplement or particularization, have required the prisoner to make that the charge is not just a fictitious allegation which is being asserted without even colorable means of probative substantiation, either through testimony of himself or on other prima facie elements;[2] or (4) where the charge is one which has sub-

stantially been the subject of previous petition and determination in the federal courts.

■ On the record before us, we do not believe that the trial court could here say, within any of the four exceptions which have been enumerated, that appellant was as a matter of law not entitled to a hearing upon his charge.

As to the fourth of the exceptions stated, it is not contended, nor is there anything to suggest, that the charge ever had been made the subject of a previous habeas corpus petition in the federal courts. See 28 U.S.C.A. § 2244.

As to the third exception, the petition and the response stood nakedly before the trial court as an allegation and a denial that perjured testimony had been knowingly used by the prosecuting attorney to convict appellant and so presented facially a question of controverted fact. The court had not required any demonstration from appellant, as a matter of supplement or particularization, that he had at least a colorable means or prima facie basis of probative substantiation, so that the court could know that he was not just engaging in fictitious allegation and attempted abuse of federal process, serving only to needlessly annoy the State or to obtain for himself a holiday excursion outside the penitentiary walls.

On the contrary, the state court records which we had requested to be furnished to us, on appellant's application for a certificate of probable cause, 28 U.S.C.A. § 2253, after the trial court's denial thereof, showed an affidavit on the part of the accomplice, whose testimony had been used against appellant, that the accomplice had testified falsely on the trial, in implicating appellant as a participant in the crime, and had so done because the sheriff and the county attorney "hounded me day and night in their efforts to have me testify falsely against

2. In the sensitiveness of state and federal court relationships, we think a federal district court may realistically require a state prisoner to make prima facie demonstration that he is not attempting to abuse federal process against the State or seeking merely to obtain an outing from the state prison. The matter of making the requirement is for the discretion of the court.

the said Charles Bales (appellant) and * * * promised me probation upon my conviction of said burglary for my testimony to convict falsely Charles Bales, which I finally agreed to do."

Whatever might ultimately be found to be the credibility of this witness or the limits of his testimony, his affidavit would, for purposes of appellant's right to a hearing, have to be regarded, in its implications, as at least providing appellant with colorable means or prima facie basis of probative substance for the making of the charge of falsity and knowledge contained in his petition.

As to the first exception, it is undisputed that the facts relating to the charge have not been the subject of hearing and resolution by any of the Iowa state courts.

Finally, as to the second exception, we think that it sufficiently appears from the record that apellant had, within the requirement of 28 U.S.C.A. § 2254, exhausted all of the state remedies apparently existing and seemingly available to him for obtaining a determination of the merits of his charge from the state courts.

The record before us indicates that, after the accomplice had repudiated his trial testimony and executed the affidavit referred to above, appellant filed a motion in the state trial court for a new trial on the ground of newly discovered evidence. This did not occur, however, until after the imposing of sentence upon him by the trial court and the taking of an appeal by him to the Iowa Supreme Court. He attempted to amend or supplement the record before the Supreme Court, to show the filing of his motion for a new trial and the ground on which it was based.

The Supreme Court, in making affirmance of his conviction and sentence, State v. Bales, 246 Iowa 446, 68 N.W.2d 95, struck the attempted amendment or supplement to the appellate record, "without prejudice to the jurisdiction of the trial court to consider the motion for new trial in due course after the filing of this opinion." 68 N.W.2d at page 98.

Following the issuance of the Supreme Court's mandate, the trial court entered an order denying the motion for a new trial, on the ground that the court was without jurisdiction to consider it, because of the provision of Code of Iowa 1950, § 787.2, I.C.A., that "The application for a new trial * * * must be made before judgment." Its order stated that "it is the opinion of this court that it does not have jurisdiction to pass on the testimony of the accomplice Kepler or, in fact, to take further testimony of any character whatsoever in support of said motion." And as to appellant's remedies in the situation, it added the following: "The defendant is not deprived of a hearing, because his motion for a new trial is denied. He still has the right to present his case to the department of this state whose duty it is to grant pardons and ask for executive clemency."

This holding of non-availability of new-trial remedy was in conformity with and was required by what the Iowa Supreme Court had said, in Boyd v. Smyth, 200 Iowa 687, 205 N.W. 522, 523, 43 A. L.R. 1381: "No provision is made in the Criminal Code for filing a motion for new trial, or to vacate a judgment, [on any ground whatsoever] after sentence and judgment have once been pronounced and entered of record." The Supreme Court had taken occasion at the same time to make it clear also that there exists no such thing in Iowa criminal practice as a writ of error coram nobis, when it said, 205 N.W. at page 524, that " * * the Legislature having provided a complete Criminal Code, and not having provided for any writ of error coram nobis, such writ is not available under the practice in this state." In another case, Coppock v. Reed, 189 Iowa 581, 178 N.W. 382, 383, 10 A.L.R. 1407, the Court had previously declared that even if the writ of error coram nobis were available in Iowa criminal practice, the writ would in any event not lie "for alleged false

testimony at the trial * * * nor for newly discovered evidence".

' The only remedy therefore that could possibly be available to appellant, for obtaining a hearing and determination from the Iowa state courts on the merits of his charge, would be the writ of habeas corpus. But the Iowa courts have made it abundantly clear that this means also is not open to appellant for obtaining a hearing on the merits of his charge of federal violation.

Following the denial on jurisdictional ground of appellant's motion for a new trial on the basis of the Supreme Court's established holdings, appellant undertook to file in the state district court, where the penitentiary was located, a petition for a writ of habeas corpus, upon the same ground on which he now is seeking a federal hearing. The state court denied the petition without a hearing. He perfected an appeal to the Iowa Supreme Court and, on pauperis showing, asked leave "to submit his appeal upon a typewritten record in lieu of a printed record". The State filed resistance to the granting of such leave, on the ground that the rules of the Supreme Court "make no provision for an appellant to submit an appeal in a civil case on a typewritten record and/or typewritten brief and argument". The Court denied the requested leave, and appellant was accordingly unable to prosecute his appeal.

Appellant then sought to have the Supreme Court itself issue a writ of habeas corpus. The Court refused to do so, "for the reason the applicant is confined in a state institution and the application is not made to the court or judge most convenient in point of distance". Code of Iowa 1950, § 663.5, I.C.A. makes it "mandatory" for inmates of state institutions to apply for writs of habeas corpus only "to the court or judge most convenient in point of distance to the applicant".

The effect of this statute and of the Supreme Court's refusal on the basis thereof to entertain appellant's application was to leave it impossible for appellant to seek a writ, except from the court which had already denied his request and refused to grant him a hearing, and whose decision he had been unable to get the Supreme Court to review, in his pauperis status. A repetition of this process could hardly add anything to the legal situation.

Since the various refusals by the Iowa state courts did not purport to deal with the claimed federal violation on its merits, they are entitled to be viewed as constituting simply a denial of hearing in relation to appellant's use of the state procedural process which they involved. And as the Supreme Court has said, "where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies * * *". White v. Ragen, 324 U.S. 760, 765, 65 S.Ct. 978, 981, 89 L.Ed. 1348.

On what has been said, the denial to appellant of a hearing upon his petition is reversed, and the cause is remanded to the District Court for further proceedings.

Reversed and remanded.