**STATE of Iowa, Appellee,**

v.

**George Phillip DILLON, Appellant.**

No. 53088.

Supreme Court of Iowa.

Oct. 15, 1968.

---

Donald E. Poyner, Sigourney, for appellant.

Richard C. Turner, Atty. Gen., and James C. Sell, Asst. Atty. Gen., Albert F. Goeldner, Keokuk County Atty., for appellee.

LeGRAND, Justice.

This appeal raises only a single question—the admissibility of three posed photographs, which were received into evidence over defendant's objections based on the following grounds: (1) That the pictures were taken sometime after the crime occurred and that there was some alteration of the premises in the meantime; and (2) That the pictures contain objects placed in such a manner as to reflect the "suppositions of the party taking the picture, or parties taking part in the taking of the pictures, and are intended to inflame and prejudice the rights of the defendant." Other objections were raised before the trial court, but only these two were urged upon us. We consider the others to be waived.

We agree with the trial court and affirm the judgment.

The offense upon which this prosecution is based occurred early in the morning of October 15, 1967, at Goldman's Appliance Store in Delta, Iowa. Defendant and a companion were observed parked in a blue Falcon automobile in front of the establishment sometime prior to the break-in. Their actions had aroused the suspicions of several passers-by as well as that of the town marshal. As defendant drove away from the scene, he was pursued by the assistant town marshal. After some considerable chase, during which defendant operated his vehicle without lights and ran at least one attempted road block by another officer's car, he was cornered and stopped. He was placed under arrest and a search warrant obtained, after which his car was searched. The search revealed four portable television sets identified as having been taken from Goldman's Appliance Store. It further revealed four screwdrivers, one small wrecking bar or nail bar, an 18-inch chisel, a flashlight, two pairs of gloves and a pistol.

No complaint is made here of the circumstances surrounding defendant's arrest nor the manner in which the search was conducted.

On October 16, 1967, a deputy sheriff took three photographs of the front door of Goldman's Appliance Store. These pictures were later introduced at defendant's trial as State's Exhibits 2, 3 and 4. They form the sole basis for this appeal.

Exhibits 2 and 3 show a broken glass panel and the sheriff holding the small wrecking bar or nail bar found in defendant's car against a mark in the front door panel. Exhibit 4 shows the sheriff holding one of the screwdrivers against another mark in the door frame.

Prior to the receipt of this evidence, testimony had disclosed Mr. Goldman locked his establishment at approximately 7:30 or 8:00 o'clock on Saturday evening, October 14th. The door was then in good condition. The glass was unbroken, and there were no marks or mars on the door frame. He was called to his place of business by the marshal at 2:00 or 2:30 A. M. on the morning of October 15th. The door was then standing ajar, the glass panel was broken and there were various marks which he described as pry-marks on the frame of the door.

At that time, or at least before the pictures were taken, Mr. Goldman mailed a piece of plywood on the inside of the door covering the area exposed by the broken glass in order to protect the store against the elements. Except for this change, which did not in any way affect the accuracy of the exhibits, the door was in the same condition when the pictures were taken as when Mr. Goldman was first called to the scene after the break-in.

The purpose of introducing Exhibits 2, 3, and 4 was to show the tools defendant had in his possession fit the marks on the door and could have been used to make entry into Mr. Goldman's store. The State sought to demonstrate these tools were of the same type and size as those which were actually used in the commission of this crime. From this evidence, of course, the State hoped to persuade the jury they were the very ones which did in fact make such marks, and thereby to secure defendant's conviction.

Defendant's argument relies heavily on the contention there is no showing these particular tools were used to gain entry to the store and, unless such evidence is first produced, the pictures are inadmissible.

Although objection is limited to the admission of pictures of the tools, this requires a short discussion of the admissibility of the instruments themselves, for this is important in determining the issue now before us.

■■■ It would be hard to argue against the receipt of the tools into evidence under the facts shown here. They were found in defendant's car along with stolen merchandise immediately after, and near the scene of, the break-in, from which he had fled under pursuit by law enforcement officers. The general rule is set out in 22A C.J.S. Criminal Law § 712, page 966 as follows: "A weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, from the circumstances of the finding justifies an inference of the likelihood of its having been used, is admissible for the purpose of showing availability to accused of the means of committing the crime in the manner in which it is shown to have occurred  *  *  *." We have followed that rule in a number of cases, including State v. Taylor, 196 Iowa 1015, 1020, 1021, 192 N.W. 294, 296; State v. Harless, 249 Iowa 530, 534, 86 N.W.2d 210, 212, 213; State v. Bales, 246 Iowa 446, 450, 68 N.W. 2d 95, 97, and citations.

Such evidence is not admitted as proving the tools *were* used in the break-in but only that they *may have been*. When the circumstances justify an inference that the instruments were used in the commission of the offense, it is proper to permit the jury to pass on the question. As already noted, these circumstances are certainly present here.

■■■ If, then, the tools themselves were admissible, we hold pictures of them, after being properly identified and after being shown to be accurate representations of the matters they purported to show, were

also admissible. It is generally held such a photograph is merely a pictorial communication made by a qualified witness and is competent evidence of anything that witness could verbally describe. 23 C.J.S. Criminal Law § 852(1), page 342; State v. Estrella, 257 Iowa 462, 467, 133 N.W.2d 97, 100; State v. Miller, 259 Iowa 188, 191, 142 N.W.2d 394, 396.

It cannot be seriously disputed here that witnesses could orally describe the condition of the door; the size and characteristics of the tools; and the fact, if it were a fact, that the screwdriver and nail bar fit the marks on the door frame. This is all the pictures did, and they were properly admissible for such purpose.

Defendant objects because the exhibits show the sheriff holding the instruments to illustrate they fit the marks on the door. The fact that the pictures were to this extent posed does not argue against their admissibility. We have held such photographs proper when preliminary questioning shows the objects portrayed are faithfully represented. There was sufficient showing here. State v. Ebelsheiser, 242 Iowa 49, 55, 56, 43 N.W.2d 706, 710, 711, 19 A.L.R.2d 865; Stiefel v. Wandro, 246 Iowa 807, 817, 68 N.W.2d 53, 59 and citations. The admissibility of photographs is within the discretion of the trial court, and its ruling will not be interfered with on appeal except upon a clear showing of an abuse thereof. The trend of authority is to vest more discretion in the trial court in a matter of this kind. Ingebretsen v. Minneapolis & St. Louis R.R. Co., 176 Iowa 74, 82, 155 N.W. 327, 330; Coonley v. Lowden, 234 Iowa 731, 743, 12 N.W.2d 870, 878; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 719, 107 N.W.2d 85, 93 and citations.

There was no abuse of discretion here and the judgment is accordingly affirmed.

Affirmed.

All Justices concur.