## 19617

The STATE, Respondent, v. Allen Carroll PRUITT, Appellant

(196 S. E. (2d) 107)

*Messrs. Henry W. Kirkland,* and *Theodore W. Law, Jr.,* of Columbia, *for Appellant,*

*Messrs. John H. Nolen, Sol.,* and *Milton A. Smith, Asst. Sol.,* of Spartanburg, *for Respondent,*

*Messrs. Henry W. Kirkland,* and *Theodore W. Law, Jr.,* of Columbia, *for Appellant, in Reply.*

April 19, 1973.

BUSSEY, Justice:

Appellant Pruitt was charged in two separate indictments with the murder of Douglas Chesney and William Henry "Pappy" Gault. By agreement, he was tried simultaneously on both indictments, commencing March 1, 1972, in the Court of General Sessions for Spartanburg County. The jury found him guilty in both cases but recommended him to the mercy of the court, and he now appeals from his convictions and the resulting sentences of life imprisonment.

The murders with which the appellant is charged occurred on the night of December 29, 1971, the obvious motive therefor being robbery. Appellant was represented initially by counsel other than his present counsel. His trial was scheduled for February 21, 1971, but on February 14 his present counsel, he had by then been retained, moved for a continuance beyond the term, which motion was denied but a continuance was granted until March first when the trial was commenced.

Appellant states and argues four questions. As his first question he argues, collectively, asserted error in the refusal of his pretrial motions for a change of

venue, a continuance beyond the term, and for an order committing him to the State Hospital for examination pursuant to Sec. 32-969 of the Code. He concedes that each of these motions was addressed to the sound discretion of the trial judge, but in each instance argues that there was an abuse of discretion in the refusal of such motions. We do not deem his contention in this respect to be of sufficient merit to warrant a discussion *seriatim* of the several motions and the grounds therefor. Suffice it to say that the trial judge went very fully into each of these motions on the merits, even to the extent of taking considerable testimony, and the record simply fails to show any abuse of discretion on his part in denying any of the pretrial motions.

■ Appellant was arrested without a warrant some two or three hours after the murders and he urges, as his most serious question or contention on appeal, that the court erred in finding that probable cause existed at the time for his arrest. Early in the trial, counsel for appellant took the position that there was a lack of probable cause which would render inadmissible any evidence which resulted from the fact of arrest. Thereupon, the trial court held a rather full hearing upon the issue of whether or not there was probable cause to arrest the appellant existing at the time of the arrest. No useful purpose could be served here, we think, by reviewing all of the evidence, it being only necessary to state that His Honor's conclusion of the existence of probable cause for arrest is more than abundantly supported by the record.

■ Aside, however, from any question of probable cause, the record fails to show that any incriminating evidence was obtained as a result of or incidental to the arrest. The only thing of an evidentiary nature obtained was a pistol in the possession of the appellant which he voluntarily gave to the officers and which ballistics tests proved to be other than the murder weapon. Even had the arrest been without probable cause and, therefore, an unlawful one, such would not invalidate his conviction in the absence of

tainted evidence having been obtained as a product of the unlawful arrest. *State v. Swilling,* 246 S. C. 144, 142 S. E. (2d) 864; *State v. Holliday,* 255 S. C. 142, 177 S. E. (2d) 541.

Relying on *Henry v. United States,* 361 U. S. 98, 80 S. Ct. 168, 4 L. Ed. (2d) 134, appellant argues that the arrest was illegal for lack of probable cause, and that any evidence subsequently discovered, even though not a product of the arrest, was not admissible in evidence. A short answer to this contention is that the cited decision simply does not support appellant's contention.

Under his third question, appellant argues that there was error in permitting the introduction into evidence of a pistol, a coat, and a bullet. With respect to the pistol, it was not the murder weapon, but the one voluntarily given by appellant to the officers at the time of his arrest. It was offered without objection and no exception here asserts that there was error in its admission. It follows that there is no issue properly before us as to the admission of the pistol.

The murder weapon was never discovered but there was evidence to the effect that appellant had upon him the night of the murder a pistol other than the one he gave the law enforcement officers; that on the afternoon before the murder he had obtained by purchase a package of bullets, which did not fit the gun he gave to the officers, but which were similar to the one offered in evidence, and scientific tests showed that the composition of the bullet offered in evidence was similar to the composition of the slugs found in the bodies of the two victims.

The coat and the bullet were products of search warrants issued subsequent to the arrest of the appellant. With respect to the coat, appellant's exception is to the effect that it was never positively identified, and because of its condition was highly prejudicial to the appellant. With respect to the bullet, his exception asserts that it was dis-

covered under conditions at a time which "rendered it suspect as a plant and too remote to have probative value". The coat had a small hole in it where, according to the evidence, a small swatch containing human blood had been cut therefrom. The same was procured from appellant's trailer and, while not positively identified as the one worn by him on the night of the crime, was identified by several witnesses as being at least similar to the one appellant had on. The bullet was found the following afternoon partially imbedded in the ground on the driver's side of appellant's car, where the same was parked at appellant's home at the time of his arrest. It is well settled that questions concerning the admission and/or exclusion of evidence are addressed to the sound discretion of the trial judge and that his exercise of such discretion will not be disturbed in the absence of an abuse thereof amouning to an error of law. Far from any abuse of discretion here, we think that both the coat and the bullet were clearly admissible in evidence.

Finally, appellant contends that he was entitled to a directed verdict of not guilty, such contention being in our view clearly without merit and based, we think, on a misconception of the applicable law. Such being based upon a misconception of the law, as opposed to a contended lack of evidence, no useful purpose could be served by summarizing the evidence. Appellant himself summarizes the incriminating evidence against him, all of which was circumstantial, attacks the credibility of a number of witnesses for the prosecution, and concludes that the evidence did not point to his guilt beyond a reasonable doubt, nor rule out all other reasonable hypotheses than his guilt. In brief, his attack is simply upon the weight of the evidence; not a lack thereof.

There is probably no rule more firmly established in this jurisdiction than the one that upon a motion for a direction of verdict the trial judge is concerned with the existence or non-existence of evidence and not with its weight, it being his duty to submit the case to the jury if there be any substantial evidence, circumstantial or direct,

which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly or logically deduced. See the numerous cases collected in West's South Carolina Digest, Criminal Law, Key No. 753 (2).

In *State v. Roddy*, 126 S. C. 499, 120 S. E. 359, just as here the appellant contended that the circumstantial evidence was insufficient to rule out all other reasonable hypotheses than his guilt. With respect to such contention, the ruling of the Court was as follows:

"That position is untenable. Whether the evidence adduced fulfills the requirement of the rule of evidence that all the facts and circumstances must be consistent with the guilt of the accused, and inconsistent with his innocence, is a question that goes to the weight of the evidence, and is clearly for the determination of the jury, as the triers of the facts, under appropriate instructions of the court."

The rule as stated and applied in *State v. Roddy* is unquestionably the settled rule in this State as will be readily seen by reference to the cases collected in West's South Carolina Digest, Criminal Law, Key No. 741 (1), 741 (6); and by reference to Shepard's South Carolina Citations, disclosing the number of times that *State v. Roddy* has been cited and followed.

We conclude that there is no merit in any of appellant's exceptions. The judgment below is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.