## 19878

The STATE, Respondent, v. Loman QUILLIEN, Appellant

(207 S. E. (2d) 814)

*Ralph G. Moffat, Jr., Esq.,* of Lexington, *for Appellant,*

*Messrs. Phillip K. Wingard, Sol.,* of Lexington and *Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, *for Respondent,*

August 13, 1974.

AGNEW, Acting Justice:

This is an appeal from a conviction of a violation of Section 16-71 of the Code of Laws of South Carolina (1962) wherein the defendant was convicted of the crime of rape in the Court of General Sessions in and for Lexington County, South Carolina on the 9th day of August, 1973. The sentence of the court was that the defendant Loman Quillien be confined to the State Penitentiary for a period of thirty-five years.

The exceptions assert error in the admission and exclusion of evidence, in denying Appellant's motion for a mistrial, and the reluctancy of the trial judge to take any steps *sua sponte* to correct damages allegedly done to Appellant's right to a fair trial by threats allegedly made to two of defendant's witnesses.

The first exception asserts error in the court's refusal to exclude from evidence the pistol offered by the State. Appellant contends that the Trial Court erred in admitting into evidence a pistol allegedly thrown from Appellant's car as he was being pursued by police. He urges

that there was error because the pistol was not subsequently connected to the defendant or to the crime.

It is a well established rule of law that the trial judge has broad discretion concerning the admission of evidence. That discretion will not be overturned on appeal unless clearly abused. *State v. Hughey,* 214 S. C. 111, 51 S. E. (2d) 376; *State v. Chambers,* 194 S. C. 197, 9 S. E. (2d) 549; *State v. Pruitt,* 260 S. C. 396, 196 S. E. (2d) 107.

The prosecuting witness, Marie Gantt and another State witness, Derrick Gantt, testified that the Appellant was armed with a pistol the night in question. Marie Gantt further testified that he had thrown the weapon from the car while being chased at high speed by the police on the Charleston Highway. One of the pursuing officers testified that he saw Appellant's car door open on three occasions; objects were jettisoned twice. Because of the darkness and high speed chase, the witness was unable to identify these objects. However, he did note that one object caused sparks to fly from the road surface when it struck. Another officer testified that he found the pistol near the center of the Charleston Highway, the route which Appellant had taken in his efforts to escape, in the general vicinity where Tyler had seen the objects thrown.

Appellant argues that it was error to admit this pistol unless it was shown by positive, direct, or certain evidence that it was connected to the Appellant or the crime. There is no support for his position in this State.

It is well established that the connecting evidence can either be direct or circumstantial. *State v. Graham,* 237 S. C. 278, 117 S. E. (2d) 147. Furthermore the rule is that definite or certain evidence is not required. All that is required is that evidence be sufficient to afford a basis for a reasonable inference on a point in issue. 22a C. J. S. Criminal Law § 708, pp. 944-945; *State*

*v. Parker,* 255 S. C. 359, 179 S. E. (2d) 31; *State v. Jordan,* 258 S. C. 340, 188 S. E. (2d) 780.

Once a basis for a reasonable inference is provided, the demonstrative evidence is rendered admissible. The jury is then left to determine what weight it will give the evidence. *Stat v. Bellue,* 259 S. C. 487, 193 S. E. (2d) 121.

The basis for a "reasonable inference" was provided, and it was then up to the jury to determine what weight the evidence would have.

Appellant makes much of the fact that two hours passed before the gun was found. In *Pruitt,* and in *State v. Blanden,* 177 S. C. 1, 180 S. E. 681, a much longer period had elapsed. The rule in this area is that the lapse of time goes to the weight of the evidence, not its sufficiency. *Commonwealth v. Simpson,* 300 Mass. 45, 13 N. E. (2d) 939; *Kelly v. State,* 52 Okl. Cr. 125, 3 P. (2d) 244.

The evidence in the instant case was certainly sufficient to afford a basis for forming a reasonable inference that the Appellant had used the pistol in the commission of the crime; that he had thrown it away during the chase; and that it had been found by Chief Miller. The Trial Judge did not abuse his discretion in admitting the pistol into evidence and permitting the jury to determine what weight it was to have.

The second exception asserts error in the Court's allowing the State to elicit testimony to the effect that the pistol had been stolen in Charleston, South Carolina.

Appellant's assertion of error arises from the admission of certain testimony relative to a weapon allegedly used in the commission of the crime. For purposes of clarity, the following testimony is quoted:

"Q. Mr. Salters, in what capacity are you with the West Columbia Police Department?

"A. I am in the detective division.

"Q. Can you identify State's Exhibit No. 2?

"A. Yes, sir. It's the weapon brought into headquarters and given to me by Chief Miller supposedly—

"Mr. Moffat: Your Honor, I object to what it supposedly was.

"Q. It was brought in by him.

"A. It was brought in by Chief Miller and I dusted the weapon off for latent fingerprints and found none. Later on I ran an MCIC check for this weapon to see if it was stolen and that showed negative. I checked by phone—

"Mr. Moffat: Your Honor please, I object to anything that anybody said that is not present in this Courtroom.

"The Court: You can go ahead with what you are testifying to. Your objection is overruled, Mr. Moffat.

"Mr. Moffat: Yes, sir. I would like to note that my objection is based on hearsay.

"A. The AT and F records show that the gun was sold in Charleston, South Carolina in 1968 to the Charleston Credit Union down there. It was stolen from the Charleston Credit Union that year."

### Cross Examination

By Mr. Moffat:

"Q. Just to make the record straight on this, you indicated over my overruled objection that the weapon that had been introduced into evidence here was stolen from Charleston in 1968. Isn't that correct?

"A. Yes, sir.

"Q. Don't you know as a matter of fact that the defendant, Loman Quillien, could not possibly have stolen that gun?

"A. He could not if he was in the penitentiary, sir."

### John H. Tyler

#### *Cross Examination*

By Mr. Moffat:

"Q. Officer Tyler—

"Mr. Moffat: If the Court please, I would like to preserve my original objection concerning this weapon.

"The Court: It will be preserved."

### Officer Salters

#### *Cross Examination*

"Mr. Moffat: Your Honor, I am going to have to move for a mistrial at this point.

"The Court: On what grounds?

"Mr. Moffat: His answer was not responsive to my question. He went much further than was necessary to answer the question. He has now indicated to the Jury that this man has got a prior record. Your Honor, that is damaging.

"The Court: Motion is denied.

"Q. But it could not have been stolen by this defendant?

"A. To my knowledge, no, sir.

"Q. To your knowledge it could not have been stolen by this defendant. You are not implying because this gun is a stolen gun that he is guilty?

"A. No, sir.

"Q. There were not fingerprints on the gun?

"A. No legible prints, sir.

"Q. No legible prints?

"A. No, sir.

"Q. Have you ever seen a hand that big?

"A. Yes, sir.

"Q. But there were no prints on that gun?

"A. There were no legible prints.

"Q. There were no legible prints on the gun, is that correct?

"A. Yes, sir.

"Q. But there was nothing about that gun that it had been placed in the hands of this man right here, is there?

"A. Not that would be acceptable, no, sir.

"Q. No visible evidence on the gun itself?

"A. Correct.

"Q. And tracing the gun didn't trace it to him?

"A. No, sir."

The appellant alleges that the admission of the above testimony was hearsay and that its admission constituted prejudicial error. When the entire testimony quoted is read, there is not a clear showing that the testimony was actually hearsay and even if this testimony were hearsay and the Trial Court was in error in admitting it, the Appellant waived his objection by cross examining the witness Salters on the same subject matter without specifically preserving his objection. *Goudelock v. Prudential Insurance Company,* 219 S. C. 284, 65 S. E. (2d) 114.

The third exception asserts error on the part of the Trial Judge in refusing to order a mistrial because of the following matters.

In the course of the cross examination of Respondent's witness Salters, the following occurred:

"Q. Don't you know as a matter of fact that the defendant, Loman Quillien, could not possibly have stolen that gun?

"A. He could not if he was in the penitentiary, sir.

"Mr. Moffat: Your Honor, I am going to have to move for a mistrial at this point.

"The Court: On what grounds?

"Mr. Moffat: His answer was not responsive to my question. He went much further than was necessary to answer the question. He has now indicated to this jury that this man has got a prior record. Your Honor, that is damaging.

"The Court: Motion is denied."

Counsel for Appellant did not admonish the witness to answer carefully, nor did he require only a "yes or no" answer.

As noted by the Trial Judge, the witness was asked for his opinion. He did nothing more, or less, than provide it.

We see no error in the ruling of the Trial Judge. Even if there were error, it was invited by counsel for Appellant, leaving Appellant in no position to complain. *State v. Chasteen,* 242 S. C. 198, 130 S. E. (2d) 473.

■ The fourth exception asserts error on the part of the Trial Judge in allowing the following testimony to be introduced over his objections:

OFFICER SALTERS

"Q. All right, sir. You arrived at the hospital about 15 minutes til 5:00?

"A. Yes, sir.

"Q. Was the Defendant at the hospital at the time?

"A. No, sir, she was not.

"Q. Did you interview Mrs. Gantt at that time?

"A. I interviewed her when she was brought in by the ambulance.

"Q. Was she talking at the time she came in?

"A. Yes, sir.

"Q. Who was she talking to?

"A. She was talking to the doctor that brought her in and I went back and she talked to me.

"Q. All right, sir. What was she saying?

"Mr. Moffat: Your Honor, I object to that.

"The Court: I will overrule that objection.

"A. At the time she told me that she had been picked up off of U. S. No. 1 by a colored subject she did not know at gunpoint. He had taken her by an apartment and raped her. They were coming out from behind there and a police car came in behind them and he started running from the police

and at this time they went out the Charleston Highway and the police wrecked him."

We see no error in the ruling of the Trial Judge. This Court held in *Marshall v. Thomason,* 241 S. C. 84, 127 S. E. (2d) 177, that to qualify under the *res gestae* exception to the rule excluding hearsay testimony, a statement "must be substantially contemporaneous with the litigated transaction, and be the instinctive, spontaneous utterances of the mind while under the active, immediate influences of the transaction; the circumstances precluding the idea that the utterances are the result of reflection or designed to make false or self-serving declarations." *State v. Long,* 186 S. C. 439, 195 S. E. 624.

The fifth exception asserts error on the part of the Trial Judge in denying Appellant's motion for a new trial. During the trial, Appellant's attorney advised the Court and the Solicitor that certain of his witnesses had been threatened. No motion was made, hence the Trial Judge did not rule thereon. He now complains that no steps were taken to correct the situation. Since the objection now urged under Appellant's fifth exception was not asserted during the trial, it is not properly before this Court. *State v. Jordan,* 258 S. C. 340, 188 S. E. (2d) 780.

It is well established that the granting or refusal of a motion for a new trial is within the discretion of the Trial Judge. Unless he abuses that discretion his decision will not be interfered with on appeal. *State v. Jamison,* 221 S. C. 312, 70 S. E. (2d) 342; *State v. Johnson,* 213 S. C. 241, 49 S. E. (2d) 6.

We see no error in the ruling of the Trial Judge. Even if there were error, it was clearly invited by counsel for Appellant, leaving Appellant in no position to complain. A case in point is *State v. Robinson,* 149 S. C. 439, 147 S. E. 441, wherein this Court said: "Defendant's counsel is therefore in no position to complain as to matters brought out in

response to his questions and not only without objection on his part, but when solicited by him."

We conclude that all of the Appellant's exceptions are without merit and the judgment below is accordingly, affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.