665 S.E.2d 602

**The STATE, Respondent,**

v.

**Cornelius WASHINGTON, Petitioner.**

No. 26526.

Supreme Court of South Carolina.

Heard June 11, 2008.

Decided Aug. 4, 2008.

Rehearing Denied Sept. 4, 2008.

---

Beattie Inglis Butler, of Charleston, and Deputy Chief Appellate Defender for Capital Appeals Robert M. Dudek, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

Chief Justice TOAL:

A jury convicted Petitioner Cornelius Washington of murder, and the court of appeals affirmed. *State v. Washington,* 367 S.C. 76, 623 S.E.2d 836 (Ct.App.2005). This Court granted certiorari to review whether the court of appeals erred in holding that the trial court properly admitted certain hearsay evidence pursuant to the excited utterance exception. We affirm the court of appeals' decision as modified.

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner and Adria Cropper were involved in a ten-year, on-again-off-again relationship. After the final break-up, Cropper began a relationship with Roy Cotman (Victim). One

evening in August 2002, at approximately 9:00 p.m., Victim drove Cropper to her home where Petitioner was waiting. An altercation ensued in which Petitioner fatally stabbed Victim.

At trial, Cropper testified that Petitioner approached the vehicle, leaned in the driver's side yelling at Victim, and as she attempted to pull Petitioner away, Petitioner stabbed Victim. Petitioner, on the other hand, testified that he and Cropper were arguing outside of the vehicle and that he saw Victim exit the driver's side and look in the back of the car under the seats. Petitioner testified that he thought Victim was looking for a weapon, and that as Petitioner approached Victim, Victim "jump[ed] up and turn[ed] around" and Petitioner "started swinging." Petitioner then fled the scene, and Cropper called the police.

Following the incident, Cropper gave a statement to police. At trial, the State sought to introduce this statement through the interviewing officer (Officer). The Officer testified in camera that at approximately 9:30 p.m., he transported Cropper from the crime scene to the police station and began taking her statement at approximately 11:00 p.m. He described Cropper as being extremely upset and distraught over the incident. The Officer further explained that the statement consisted of a written narrative of the incident, which Cropper wrote, and three pages of questions and answers, which the Officer transcribed. Additionally, the Officer testified that after another officer informed Cropper during the interview that Victim had died, she became hysterical.

Defense counsel argued that the statement was inadmissible hearsay evidence, while the State contended that it fell within the excited utterance exception. The trial court found that Cropper made the statement under the continuing stress of excitement of the events and ruled that the statement was therefore admissible as an excited utterance. The court of appeals affirmed the trial court's ruling.

### Standard of Review

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). A ruling on the admissibility of evidence is within the sound discretion of the trial court and

will not be reversed absent an abuse of discretion. *State v. McDonald,* 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000). An abuse of discretion occurs when the trial court's ruling is based on an error of law. *Id.*

### Law/Analysis

Petitioner argues that the trial court erred in admitting Cropper's statements pursuant to the excited utterance exception. Although we agree that the trial court erred in admitting Cropper's statement to police as an excited utterance, we find that any error was harmless.

Three elements must be met in order for a statement to be an excited utterance: (1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition. *State v. Ladner,* 373 S.C. 103, 116, 644 S.E.2d 684, 691 (2007). The rationale underlying the excited utterance exception is that "the startling event suspends the declarant's process of reflective thought, reducing the likelihood of fabrication." *State v. Davis,* 371 S.C. 170, 178, 638 S.E.2d 57, 62 (2006). A court must consider the totality of the circumstances when determining whether a statement is admissible under the excited utterance exception, and the determination is generally left to the sound discretion of the trial court. *Id.*; *see also State v. Burdette,* 335 S.C. 34, 43–44, 515 S.E.2d 525, 530 (1999).

Cropper's statement to police does not qualify as excited utterance. Cropper made her statements in a formal interview with law enforcement at police headquarters almost ninety minutes after the events. These statements were made in response to the Officer's questions. None of the statements were independent assertions or exclamations regarding the events. Indeed, it is apparent that the Officer was seeking detailed answers regarding the specific facts of the incident as opposed to emotional, unprompted, or inherent responses. *Compare State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999) (involving an eyewitness's statements to friends made two minutes after a shooting); *State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991) (finding that panicked and hysterical state-

ments made by an eyewitness who met the responding police officer at the crime scene would have qualified as an excited utterance). While we have no doubt that Cropper was certainly upset as a result of the stabbing, the trial court's finding that statements made in a formal interview or interrogation to be excited utterances greatly expands the scope of the exception.

We note that this Court has found statements made to law enforcement qualify as an excited utterance under other circumstances. *See Burdette; State v. Harrison,* 298 S.C. 333, 380 S.E.2d 818 (1989); *State v. Quillien,* 263 S.C. 87, 207 S.E.2d 814 (1974). However, an important distinction between *Burdette, Harrison,* and *Quillien* and the instant case is the fact that Cropper's statements were responses made in a formal police interview. In this way, Cropper's out-of-court statements are fundamentally different from the off-the-cuff, volunteered responses to law enforcement that the Court has allowed under the excited utterance exception. *See State v. McHoney,* 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001) (observing that an excited utterance expresses the real belief of the speaker because the utterance is made under the immediate and uncontrolled domination of the senses, rather than under reason and reflection).

 Nonetheless, in our opinion, any error in admitting Cropper's statement to police was harmless. The State presented overwhelming evidence that Petitioner killed Victim in a jealous rage. For example, Cropper, Cropper's mother, and police officers testified as to statements Petitioner made on the night of the incident indicating that he intentionally and maliciously stabbed Victim. Furthermore, the Officer's testimony regarding Cropper's statements was not extensive and was merely cumulative to Cropper's testimony.[1] Finally,

---

1. In *State v. Saltz,* 346 S.C. 114, 551 S.E.2d 240 (2001), the Court held that the trial court improperly admitted a witness's statements to police because they were prior consistent statements and did not fall under an exception to the hearsay rule. Additionally, the Court held the error was not harmless because although the testimony was cumulative, "it is precisely this cumulative effect which enhances the devastating impact of improper corroboration." Although it is arguable that the Officer's testimony improperly corroborated Cropper's testimony, we do not believe that it impacted the case or affected the jury's decision. Unlike

there is no evidence in the record to support Petitioner's claim of self defense as there is no evidence indicating that Victim was the first aggressor. *See State v. Mizzell,* 349 S.C. 326, 563 S.E.2d 315 (2002) (providing a list of factors to consider in determining whether error is harmless).

Accordingly, we hold that although the trial court erred in admitting Cropper's statement to police as an excited utterance, this error was harmless beyond a reasonable doubt.

### CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision as modified.

MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

the witness in *Saltz,* Cropper's testimony was not weak, and furthermore, the State presented a much stronger case against Petitioner.