THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Johnathan E.
 Martin, Appellant.
 
 
 

Appeal From Sumter County
 D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2010-UP-545
 Submitted December 1, 2010  Filed
December 15, 2010

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, III, of Columbia, for 
 Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney
 General Salley W. Elliott, Senior Assistant Attorney General Norman Mark
 Rapoport, all of Columbia; Solicitor C. Kelly Jackson, of Sumter; for Respondent.

 
 

PER CURIAM:  Johnathan E. Martin appeals his conviction
 for discharging a firearm into an occupied vehicle.  Martin argues the trial
 court erred by (1) admitting the pistol into evidence when the State failed to
 establish relevance, and (2) allowing the pistol into evidence when the pistol
 spuriously raised an inference of Martin's guilt.  We affirm[1] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities:
1. As to whether the trial court erred by admitting the
 pistol and holding it was relevant:  Rule 401, SCRE ("Relevant evidence
 means evidence having any tendency to make the existence of any fact that is of
 consequence to the determination of the action more probable or less probable
 than it would be without evidence.");  State v. Quillien, 263 S.C. 87,
 91, 207 S.E.2d 814, 816 (1974) ("It is a well established rule of law that
 the trial judge has broad discretion concerning the admission of evidence. 
 That discretion will not be overturned on appeal unless clearly abused."); State v. Robinson, 360 S.C. 187, 192, 600 S.E.2d 100, 102 (Ct. App.
 2004) ("Concerning the admission of evidence, the trial judge's
 determination will be sustained absent error and resulting
 prejudice.").    
2. As to whether the trial court erred by admitting the
 pistol because it spuriously raised an inference of Martin's guilt:  State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an
 issue to be preserved for appellate review, it must have been raised to and
 ruled upon by the trial judge.").
AFFIRMED.
FEW,
 C.J., and SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.