510 S.E.2d 714

**The STATE of South Carolina, Respondent,**

**v.**

**Robert KENNEDY, Petitioner.**

**No. 24870.**

Supreme Court of South Carolina.

Heard Sept. 23, 1998.

Decided Dec. 29, 1998.

428

Tara Dawn Shurling, of Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy, Attorney General John W. McIntosh, Assistant Deputy, Attorney General Salley W. Elliott; and Solicitor Warren B. Giese, all of Columbia, for respondent.

MOORE, Justice:

We granted petitioner a writ of certiorari to review the Court of Appeals' decision in this case. *State v. Kennedy,* 325 S.C. 295, 479 S.E.2d 838 (Ct.App.1996). We affirm as modified.

## DISCUSSION

Kennedy contends the Court of Appeals erred in affirming the trial court's admission of his statement on the ground that the statement was taken in violation of his right to counsel.[1] We disagree.

A waiver of *Miranda*[2] rights is determined from the totality of the circumstances. *State v. Moultrie*, 273 S.C. 60, 254 S.E.2d 294 (1979). On appeal, the conclusion of the trial judge on issues of fact as to the voluntariness of a statement will not be disturbed unless so manifestly erroneous as to show an abuse of discretion. *State v. Rochester*, 301 S.C. 196, 391 S.E.2d 244 (1990).

An express waiver is unnecessary to support a finding that the defendant has waived the right to remain silent or the right to counsel guaranteed by *Miranda*. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Statements elicited during interrogation are admissible if the prosecution can establish that the suspect "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628.

Petitioner was transported by Officer David Thomley to Kershaw County. Petitioner told Thomley he wanted to speak with the solicitor. After the assistant solicitor said he would meet with petitioner in the morning, petitioner was taken to a cell. The next morning, Thomley escorted petitioner from the cell and petitioner testified he told Thomley, "Okay, I did it." He testified Thomley was not questioning him at the time.

Petitioner met with Thomley and the solicitor and told them he wanted to make a formal statement. After being re-read his rights, he testified he said, "Well, I think I need a lawyer." The assistant solicitor stopped and left the room. The trial court ruled that petitioner made an inquiry about an attorney but he did not, in fact, request an attorney.

1. The facts are fully set forth in the Court of Appeals' opinion.

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

430

■ The Court of Appeals affirmed and held petitioner did not invoke his right to counsel citing *Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), in which the United States Supreme Court held the statement, "[m]aybe I should talk to a lawyer," was not a request for counsel. We hold the Court of Appeals erred in finding petitioner had not invoked his right to counsel.

■ The United States Supreme Court has held the trial court is to consider whether the accused's statement "can reasonably be construed to be an expression of a desire for the assistance of an attorney." *McNeil v. Wisconsin,* 501 U.S. 171, 178, 111 S.Ct. 2204, 2209, 115 L.Ed.2d 158 (1991). If the desire for counsel is presented "sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney," no ambiguity or equivocation exists, and all questioning must cease until the person can consult counsel or the accused voluntarily reinitiates conversation. *Davis,* 512 U.S. at 459, 114 S.Ct. at 2355.

Here, it is obvious from the record the solicitor and everyone involved viewed petitioner's request as an invocation of his right to counsel. In *State v. Jackson,* 348 N.C. 52, 497 S.E.2d 409 (1998), the North Carolina Supreme Court held that when a defendant stated, "I think I need a lawyer present," he unambiguously invoked his right to counsel. The court noted the request was not uncertain as in *Davis* and stated its decision was reinforced by the notes of one of the officers present during the interrogation which indicated that he, a reasonable officer, interpreted the defendant's statement as a request for a lawyer. Likewise, here, everyone involved interpreted petitioner's request as an invocation of his right to counsel. Accordingly, we think petitioner invoked his right to counsel and the Court of Appeals erred in concluding otherwise.

■ However, we agree with the Court of Appeals' conclusion that even if this were a proper invocation of the right to counsel, petitioner waived this right when he initiated further discussions.

Once an accused requests counsel, police interrogation must cease unless the accused himself "initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona,* 451 U.S. 477, 485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981). Interrogation is the express questioning, or its functional equivalent which includes "words or actions on the part of the police ... that the police should know *are reasonably likely to elicit an incriminating response.*" *State v. Sims,* 304 S.C. 409, 417, 405 S.E.2d 377, 381 (1991) (citing *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1690, 64 L.Ed.2d 297, 308 (1980)).

Thomley testified that after petitioner stated that he thought he might want an attorney, Thomley told petitioner that if he wanted an attorney the solicitor could not speak with him any further. Thomley testified that petitioner then said, "No, call [the solicitor] back in here. Let's go ahead and get this over with." Petitioner testified that he asked Thomley how he could get an attorney and Thomley told him one would have to be appointed. Petitioner testified he agreed to talk "out of frustration" and "because [he] didn't know any other way out of jail." Petitioner voluntarily waived his rights before the statement was taken. Thomley was not interrogating petitioner. Based upon the totality of the circumstances, we hold petitioner's statement was voluntary and petitioner waived his right to counsel.

Petitioner's remaining issue is affirmed pursuant to Rule 220(b)(1), and the following authorities: *Butler, supra* (express waiver is unnecessary to support finding that defendant has waived right to remain silent); *Moultrie, supra* (waiver of right to remain silent is determined from totality of circumstances).

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.