590 S.E.2d 25

The STATE, Respondent/Petitioner,

v.

Roy Edward HOOK, Petitioner/Respondent.

No. 25752.

Supreme Court of South Carolina.

Heard Oct. 8, 2003.

Decided Nov. 24, 2003.

Rehearing Denied Jan. 7, 2004.

Katherine Carruth Link, and South Carolina Office of Appellate Defense, of Columbia, for petitioner/respondent.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Assistant Attorney General Melody J. Brown, of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent/petitioner.

Justice MOORE:

We granted a writ of certiorari to review the Court of Appeals' decision [1] holding that petitioner/respondent Hook's statement to his probation officer was inadmissible at Hook's trial for driving under the influence (DUI) third offense. We affirm as modified.

## FACTS

At trial, the State introduced evidence Hook was involved in an automobile accident in the early morning hours of January 15, 1999. He failed to yield the right of way at an intersection and collided with a Williston city police car. Both Hook and the police officer were taken to the hospital.

Trooper Cruz, who was called to the crash scene, went to the hospital to question both parties. Cruz asked the treating doctor whether he could speak with Hook and the doctor gave his permission. According to Cruz, Hook appeared intoxicated and "somewhat in pain" although Cruz observed no physical injuries. Cruz smelled a strong odor of alcohol on Hook's breath and on his person. When Cruz asked if he had been drinking, Hook replied that he had "consumed alcohol, mainly beer, at 2400 hours which was 12 midnight." The wreck had occurred between 1:30 and 2:30 a.m. Hook denied he had used any illegal drugs. Cruz placed Hook under arrest, read him his *Miranda* rights and, with permission from the doctor, transported Hook to the detention center for a breathalyzer test which Hook ultimately declined to take. During the next few days, while in jail, Hook began spitting up blood and had to seek further medical attention. He eventually had surgery to remove a ruptured spleen.

Hook testified he drank three beers at home before dinner on the evening before the wreck between 6:00 and 7:30 p.m.

1. *State v. Hook,* 348 S.C. 401, 559 S.E.2d 856 (Ct.App.2001).

He went to bed between 9:00 and 10:00 p.m. but awoke later around 1:00 a.m. and decided to return to his former residence to pick up a television set. On his way, the wreck occurred.

On cross-examination, Hook denied he had used illegal drugs on the evening of the wreck. The State then moved to impeach Hook with a statement he made to his probation officer admitting he had snorted cocaine on the evening before the wreck and that he was impaired at the time the wreck occurred. Hook strenuously objected that the statement was privileged and inadmissible under S.C.Code Ann. § 24–21–290 (Supp.2002) which provides:

> All information and data obtained in the discharge of his official duty by a probation agent is privileged information, is not receivable as evidence in a court, and may not be disclosed directly or indirectly to anyone other than the judge or others entitled under this chapter to receive reports unless ordered by the court or the director.

The trial judge ruled that Hook's statement to his probation officer was admissible for impeachment only.[2]

When cross-examination resumed, Hook testified as follows:

Q: So you did not tell [your probation officer] that you sniffed powder cocaine the night of the accident?

A: No. The night of the accident was—when I went to sleep it was the 14th and, you know, I woke up that night and really, you know, when it's 1:00 or so, I still consider that even though it was actually the 15th, I was still thinking of it as the 14th.

Q: What did you tell [your probation officer]?

A: Um—I told him that I had used powder cocaine a couple of days before the accident.

Q: How about did you tell anyone else about this powder cocaine usage?

A: Um—there was my other probation officer, Judy Brown.

Q: You did not tell Judy Brown that you used powder cocaine on the night of this accident?

---

**2.** The trial judge had previously ruled the statement was not admissible in the State's case-in-chief under § 24–21–290.

A: I say the day before the accident. In other words, I was thinking of the day of the accident as the 14th. Even though it was actually passed over to 12:00 and turned into the 15th, you know, it was Thursday the 14th is what I was considering, although it had crossed over to 12 midnight, I was still thinking of it as the 14th.

Q: So are you denying telling Judy Brown, the officer Judy Brown, that you sniffed powder cocaine on the night of this accident and that it led to this accident?

A: Yes, I am denying that.

Q: Mr. Hook, do you admit or deny use of cocaine on the 14th, the night before the morning of the accident?

A: It—I deny it, it was on the 13th.

Q: And do you admit or deny that you told someone that cocaine caused this accident?

. . . .

A: Yes, I do deny that.

In reply, the State called Judy Brown, Hook's probation officer. Brown testified that on January 15, at the detention center, she had a conversation with Hook in which he told her that a friend had brought some powder cocaine to Hook's home "and he sniffed it and he said that's what led to the accident." Hook appealed the admission of this evidence.

On appeal, the Court of Appeals reversed and remanded for a new trial holding that (1) information received by a probation officer is privileged under § 24–21–290 and (2) because Hook's statement was involuntary due to his medical condition, it was not admissible as impeachment evidence.

## ISSUE

Is Hook's statement to his probation officer inadmissible for impeachment under § 24–21–290?

## DISCUSSION

Section 24–21–290 provides:

1) all information received by a probation agent in his official capacity is privileged;

2) this information is not receivable as evidence in court; and

3) this information may not be disclosed to anyone other than the judge and those specifically entitled to receive reports unless ordered by the court or the director.

The State contends the phrase "unless ordered by the court" in phrase (3) means the information received by a probation agent in his official capacity is receivable as evidence whenever it is so ordered by the court, and therefore Hook's statement was properly admitted.

■ To the contrary, we find the phrase "unless ordered by the court" modifies only phrase (3), which relates narrowly to disclosure, and does not modify the information's receipt as evidence in court, which is specifically prohibited under phrase (2). We hold the Court of Appeals properly ruled § 24–21–290 does not allow the admission of a probationer's statement as evidence in court simply because the judge orders it.

■ In opposition to the State's position, Hook contends § 24–21–290 prohibits such a statement's admission in court for any purpose, including impeachment. We agree.

By its terms, § 21–24–290 makes information given by a probationer to his probation agent inadmissible as evidence in court with no exception. A plain reading of the statute leaves no room for grafting onto it an exception to exclusion when the evidence is used for impeachment purposes. *See State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002) (the words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation). The question of admissibility under § 21–24–290 is simply one of legislative intent. Unlike judicially-crafted rules regarding unconstitutionally seized evidence,[3] whether the statement is voluntary or involuntary is

---

**3.** *Cf. United States v. Havens,* 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980) (unconstitutionally seized evidence admissible for impeachment); *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) (statement obtained in violation of fifth·amendment right to counsel is admissible for impeachment); *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (statement obtained in violation of *Miranda* admissible for impeachment); *see also State v. Brown,* 296 S.C. 191, 371 S.E.2d 523 (1988) (statement from previous trial where

irrelevant here. Under § 24–21–290, a probationer's statement to his probation agent is inadmissible for impeachment regardless of whether it is voluntarily or involuntarily given.

Because the Court of Appeals found the voluntariness of Hook's statement dispositive rather than simply finding the statement inadmissible under § 24–21–290, we affirm as modified.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

conviction was overturned on appeal for legal error is admissible for impeachment in subsequent trial).