THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Clifton Ronald David,       
Appellant.
 
 
 

Appeal From Marlboro County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-121
Submitted December 23, 2003  Filed 
 February 25, 2004

 
AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia, 
 for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 Jay E. Hodge, of Darlington, for Respondent.
 
 
 

PER CURIAM:  Clifton Ronald David was convicted 
 of strong-arm robbery and sentenced to fifteen years imprisonment.  He appeals, 
 contending the trial court erred in admitting his written statements in violation 
 of Jackson v. Denno, 378 U.S. 368 (1964).  Having concluded oral argument 
 would not aid the court in resolving the issue raised by David, we decide this 
 case without oral argument pursuant to Rule 215, SCACR, and affirm pursuant 
 to Rule 220(b)(2), SCACR, because the point raised by David is manifestly without 
 merit.  See State v. Saltz, 346 S.C. 114, 136, 551 S.E.2d 240, 
 252 (2001) (stating the trial court must consider the totality of the circumstances, 
 including the background, experience, and conduct of the accused when determining 
 whether a defendants statement was voluntary); id. at 136, 551 S.E.2d 
 at 252 (noting the trial courts conclusions regarding the voluntariness of 
 a statement will not be disturbed on appeal unless so manifestly erroneous as 
 to show an abuse of discretion); id. (When reviewing a trial court's 
 ruling concerning voluntariness, this Court does not reevaluate the facts based 
 on its own view of the preponderance of the evidence, but simply determines 
 whether the trial courts ruling is supported by any evidence.); State v. 
 Hughes, 336 S.C. 585, 594, 521 S.E.2d 500, 505 (1999) (stating that absent 
 coercive police conduct, there is no basis for finding a confession constitutionally 
 involuntary); State v. Crawley, 349 S.C. 459, 465, 562 S.E.2d 683, 686 
 (Ct. App. 2002) (finding officers testimony regarding the defendants appearance 
 and actions during interrogation supported trial courts conclusion that the 
 defendants statements were voluntary despite any withdrawal from alcohol and 
 drugs); State v. Kennedy, 325 S.C. 295, 305, 479 S.E.2d 838, 843 (Ct. 
 App. 1996), (stating the trial court must assess the totality of the surrounding 
 circumstances, including the characteristics of the defendant and the details 
 of the interrogation when determining whether the defendants will was overborne), 
 affd as modified, 333 S.C. 426, 510 S.E.2d 714 (1998).
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, JJ., concur.