THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Leroy A. Matthews, Appellant.
 
 
 

Appeal From Anderson County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-364
Submitted October 1, 2006  Filed October 24, 2006    

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, Druanne Dykes White, of Anderson, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh , Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Christina Theos Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Leroy Matthews claims the trial court erred in finding the State did not commit a Rule 5 discovery violation, finding no Miranda violation, finding the search of the house was voluntary, admitting the actual drug laboratory report, and admitting evidence of Matthewss exercise of his right to remain silent.  We affirm[1].
FACTS
On the morning of January 18, 2005, Deputy Andrew Hyslop witnessed Matthews backing down a street at a high rate of speed.  Deputy Hyslop believed Matthews was backing in a dangerous manner and decided to pull him over to give him a verbal warning.  In the meantime, Matthews parked his car in a private parking lot.  Matthews exited his vehicle as Deputy Hyslop was parking next to him.
Deputy Hyslop asked Matthews for his drivers license.  Matthews responded by running into a nearby home and locked the door.  Shortly thereafter, Matthews came out through the front door.  Deputy Hyslop approached Matthews and asked to see his driving license.  Matthews became loud and boisterous with Deputy Hyslop and used profanities while speaking with him.  The commotion attracted a small crowd of bystanders, and at least one bystander joined Matthews in yelling obscenities at Deputy Hyslop.  In response to the situation, Deputy Hyslop arrested Matthews for public disorderly conduct.  Matthews flailed his arms and attempted to get away while Deputy Hyslop was trying to handcuff him.  Deputy Hyslop, with the help of a second deputy, was able to handcuff Matthews.  Deputy Hyslop seized $890.00 in cash and a set of keys from Matthews.
Deputy Hyslop placed Matthews in his patrol car and informed him of his Miranda rights.  Matthews told Deputy Hyslop to get out of his face.  Deputy Hyslop closed the door and walked away from the patrol car.  A few moments later, Deputy Hyslop went back to the car and asked Matthews if he had placed anything in the house.  However, Matthews did not want to talk with Deputy Hyslop.  Deputy Hyslop closed the door and again walked away from the patrol car.  Shortly thereafter, Sergeant Hamby arrived on the scene.  
When Matthews saw Sergeant Hamby, he called him over to the patrol car.  Matthews complained to Sergeant Hamby about being harassed by the officers on the scene.  Sergeant Hamby asked Matthews if he had left anything in the house when he was inside.  Matthews said he had and offered to take Sergeant Hamby in the house and show it to him.  Matthews took Sergeant Hamby into the house and pointed out a hole in one of the walls which contained a plastic bag with a rock substance in it.  The substance was later tested and found to be crack cocaine.  Pursuant to an inventory search, $2,000.00 cash and an electric scale with crack cocaine residue was seized from Matthews car.
On April 19, 2005, Matthews was indicted for resisting arrest, public disorderly conduct, trafficking cocaine, trafficking cocaine within one-half mile of a school, and improper backing.  The trial court dismissed the trafficking cocaine within one-half mile of a school charge.  On April 18, 2005, a jury found Matthews guilty of all the remaining charged crimes.  Matthews was sentenced to twenty-five years for trafficking with the sentences for the other crimes running concurrent to the sentence for trafficking.  This appeal follows.
STANDARD OF REVIEW
The conduct of a criminal trial and the inclusion or exclusion of evidence are matters left largely to the sound discretion of the trial court. State v. Lee, 255 S.C. 309, 178 S.E.2d 652 (1971); State v. Edens, 272 S.C. 130, 250 S.E.2d 116 (1978). The decisions of the trial judge will not be disturbed absent an abuse of discretion. State v. Quillien, 263 S.C. 87, 207 S.E.2d 814 (1974).
LAW/ANALYSIS
Rule 5 Discovery Violation
Matthews claims the trial court should have suppressed his statements due to a violation of a discovery request made pursuant to Rule 5, SCRCrimP.  We disagree.
Rule 5(a)(1)(A), SCRCrimP, provides in pertinent parts upon request by a defendant, the prosecution shall permit the defendant to inspect and copy or photograph any oral statement which the prosecution intends to offer in evidence at trial made by the defendant in response to interrogation .
Deputy Hyslop informed Matthews of his rights pursuant to Miranda. Deputy Hyslop then asked Matthews if he understood those rights and with those rights in mind if he would like to speak with him.  In reply, Matthews told Deputy Hyslop to get out of his face.  Matthews attorney claimed the State should have disclosed Matthews statement.
Matthewss statement was made in response to Deputy Hyslops question about his Miranda rights.  The statement was not made in response to interrogation and it was not responsive to the question.  Deputy Hyslop was simply trying to comply with the requirements of Miranda.  The question did not rise to the level of interrogation; therefore, Matthews statement was not subject to discovery.
Matthews claims the States failure to disclose his statement, the fact that he was Mirandized, and the card Deputy Hyslop read the Miranda rights from were detrimental to his defense.  The original defense strategy was to move to have all of the evidence excluded.   Matthews claims his attorney had insufficient time to revamp his defense after the State presented evidence at the motion hearing showing he was Mirandized.  However, his attorney did not request a continuance when the State presented the evidence showing he had been Mirandized.  Therefore, Matthews can not show that he was prejudiced by the alleged Rule 5 violation.
Miranda Violation
Matthews claims the trial court should have suppressed his statements due to a Miranda violation.  We disagree.
Deputy Hyslop informed Matthews of his rights pursuant to Miranda.  He then asked Matthews if he understood those rights and with those rights in mind if he would like to speak with him.  In reply Matthews told him to get out of his face, at which point Deputy Hyslop closed the door to his patrol car and walked away.
A moment later he returned to the car and asked Matthews if he had left anything in the house when he went inside.  Deputy Hyslop testified that Matthews did not want to talk and continued to curse.  Deputy Hyslop closed the door and walked away.  When Sergeant Hamby arrived on the scene, Matthews called him over to the car.  Matthews complained to Sergeant Hamby about being harassed by the officers at the scene.  Sergeant Hamby asked him if had left anything in the house, and he admitted he had and offered to take Sergeant Hamby inside and show it to him.  When the two men went into the house, Matthews pointed out where he had left the crack.
A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under Miranda v. Arizona 384 U.S. 436 (1966).  The voluntariness of a statement is determined from the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Furthermore, the conclusion of the trial judge on issues of fact as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion. State v. Kennedy, 333 S.C. 426, 429, 510 S.E.2d 714, 715 (1998).
 When a suspect invokes his right to remain silent, law enforcement officers must scrupulously honor it. Michigan v. Mosley, 423 U.S. 96 (1975). However, before law enforcement officers are required to discontinue questioning, the suspect must clearly articulate his desire to end the interrogation. Davis v. United States, 512 U.S. 452 (1994); State v. Reed, 332 S.C. 35, 42, 503 S.E.2d 747, 750 (1998).
Considering the totality of the circumstances, Matthews statement to Deputy Hyslop falls short of a clear invocation of his right to remain silent.  Matthews had been hostile with Deputy Hyslop since their interaction began, and stating get out of my face could have simply been a vocalization of his continuing hostility towards the Deputy.  This is strengthened by the fact that as soon as Sergeant Hamby arrived on the scene, Matthews initiated a conversation with him about the way he had been treated.  Even if Matthews statement was held to be an invocation of his right to remain silent, he chose to reinitiate the conversation by calling Sergeant Hamby over to the car and talking to him.  The admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his right to cut off questioning was scrupulously honored.  Michigan v. Mosley  423 U.S. 96,104 (1975).  Officers do not fail to scrupulously honor an invocation of rights when they engage in conversation initiated by the suspect.  See State v. Aleksey  343 S.C. 20, 31, 538 S.E.2d 248, 254 (2000).
Search of the House
Matthews claims the trial court should have suppressed evidence found in the search of the house due to his consent not being voluntary.  Because we find Matthews failed to preserve this issue for appellate review, we do not reach the merits of this claim.  A ruling on a motion in limine is not sufficient to preserve a challenge on the validity of a search where trial council does not renew the objection when the drugs are introduced.  See State v. King 349 S.C. 142, 149, 561 S.E.2d 640, 643 (Ct. App. 2002).
Matthewss attorney did not object when the state introduced the drugs that were found in the search.  During the motion hearing, the trial court instructed Matthewss attorney to object when evidence was initially offered to preserve the record for review.  When the State offered the drugs for admission Matthews attorney failed to object.  Therefore, this issue is not preserved for appellate review.
The Laboratory Report
Mathews claims the laboratory report should have been excluded as hearsay.  We find the evidence admitted through the alleged error to be cumulative and therefore not prejudicial.  State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (improper admission of hearsay evidence is reversible error only when the admission causes prejudice). Generally, appellate courts will not set aside convictions due to unsubstantial errors not affecting the result. State v. Sherard, 303 S.C. 172, 176, 399 S.E.2d 595, 597 (1991).  State v. Haselden, 353 S.C. 190, 577 S.E.2d 445 (2003) (admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.)
Matthews attorney stipulated to the chain of custody for States exhibit 12.  Matthews attorney also stipulated to Mr. Miller being qualified as a forensic drug analyst.  Mr. Miller testified, without objection, that his lab had determined States exhibit 12 to be 23.38 grams of crack cocaine.  The lab report at issue was simply a written report stating what was already in the record: States exhibit 12 was 23.38 grams of crack cocaine.  State v. Schumpert, 312 S.C. 502, 435 S.E.2d 859 (1993) (any error in admission of evidence cumulative to other unobjected-to evidence is harmless).
Right to Remain Silent
Matthews claims the trial court erred in admitting evidence showing he exercised his right to remain silent.  Because we find Matthews failed to preserve this issue for appellate review, we do not reach the merits of this claim.  An issue which is not properly preserved cannot be raised for the first time on appeal.  State v. Vanderbilt, 287 S.C. 597, 340 S.E.2d 543 (1986). A contemporaneous objection is required to properly preserve an error for appellate review.  State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991).
Matthews attorney failed to object to either Deputy Hyslops testimony or the States comments during closing arguments.  Therefore, this issue is not preserved for appellate review.
For the reasons stated above, the trial courts order is
AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.