THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Ronnie Painter, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2010-UP-200
 Submitted March 1, 2010  Filed March 12,
2010    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor Harold
 W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Ronnie Painter appeals his convictions
 and sentences for first-degree burglary and petit larceny, arguing the trial
 court erred in denying his motion to suppress his statement on the ground that it
 was taken in violation of Miranda v.
 Arizona, 384 U.S. 436 (1966).  We affirm.[1]
Painter's refusal to sign the pre-interrogation waiver form was not a clear invocation of
 either his right to remain silent or his right to counsel.  An assertion of the
 right to counsel should "reasonably be construed to be an expression of a
 desire for the assistance of an attorney."  State v. Kennedy, 333
 S.C. 426, 430, 510 S.E.2d 714, 715 (1998); see also State v. McCray,
 332 S.C. 536, 546, 506 S.E.2d 301, 306 (1998) ("A valid waiver of the
 right to counsel will not be presumed simply from the silence of the accused
 after Miranda warnings are given.").  Likewise, regarding an
 assertion of the right to remain silent, "before law enforcement officers
 are required to discontinue questioning, the suspect must clearly articulate
 his desire to end the interrogation."  State v. Aleksey, 343 S.C.
 20, 31, 538 S.E.2d 248, 253 (2000); see also State v. Reed, 332
 S.C. 35, 42, 503 S.E.2d 747, 750 (1998) ("Law Enforcement officers are not
 required to terminate an interrogation unless there is an unambiguous
 invocation of the right to remain silent.").  Here, Painter did not
 clearly communicate a desire to either remain silent or speak to an attorney.  Additionally,
 even if Painter properly invoked his Miranda rights, Painter validly
 waived his rights before making his statement when he told the police he wanted
 to speak about the crime and signed the waiver form, thereby knowingly and
 intelligently waiving his rights.  See Aleksey, 343 S.C. at 31,
 538 S.E.2d at 254 ("Officers do not fail to 'scrupulously honor' an
 invocation of rights when they engage in conversation initiated by the suspect.").
AFFIRMED.
HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.