THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 John Jabbar
 Greene, Appellant.
 
 
 

Appeal From Georgetown County
Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-507   
 Heard November 1, 2011  Filed November
15, 2011

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant. 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Christina Catoe, all of Columbia; and
 Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: John
 Jabbar Greene was convicted of two counts of armed robbery, two counts of
 kidnapping, and one count of second-degree burglary and received concurrent
 sentences totaling thirty years' imprisonment.  Greene appeals, arguing the trial court erred in refusing to suppress
 (1) a statement he made to the sheriff's department after being advised of his Miranda[1] rights and invoking his right to remain silent and (2) DNA evidence collected
 in violation of his Fourth Amendment rights.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  
1. As to whether the
 trial court erred in refusing to suppress DNA evidence obtained pursuant to a
 "voluntary consent to search" form Greene signed: State v. Missouri, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) (requiring an appellate
 court reviewing a Fourth Amendment search and seizure case to affirm the trial
 court's ruling if it is supported by any evidence in the record and permitting
 reversal only in cases of clear error); State v. Weaver, 374 S.C. 313,
 319-20, 649 S.E.2d 479, 482 (2007) (holding "[e]vidence seized in
 violation of the Fourth Amendment must be excluded from trial," noting
 "a warrantless search will withstand constitutional scrutiny where the
 search falls within one of several well-recognized exceptions to the warrant
 requirement," and observing the State must establish both "probable
 cause and the existence of circumstances constituting an exception to the
 general prohibition against warrantless searches"); State v. Dupree,
 319 S.C. 454, 456-58, 462 S.E.2d 279, 281-82 (1995) (holding the Fourth
 Amendment protects against improper intrusions into the mouth, requiring
 probable cause and a clear indication evidence will be found prior to a
 warrantless search of a suspect's mouth, and identifying consent as an exception
 to the Fourth Amendment rule against warrantless searches).  
2.  As to whether the
 trial court erred in refusing to suppress Greene's statement concerning contact
 with the shotgun, despite Greene's invocation of his right to remain silent and
 Investigator Smith's testimony that he was "cool" with Greene: Berghuis v. Thompkins, 130 S. Ct. 2250, 2260 (2010) ("Even absent the
 accused's invocation of the right to remain silent, the accused's statement
 during a custodial interrogation is inadmissible at trial unless the
 prosecution can establish that the accused in fact knowingly and voluntarily
 waived [Miranda] rights when making the statement." (internal
 quotation marks and citation omitted)); State v. Brown, 389 S.C. 84, 92,
 697 S.E.2d 622, 627 (Ct. App. 2010) (quoting State v. Sims, 304 S.C.
 409, 416-17, 405 S.E.2d 377, 381-82 (1991) (emphasis added by court) (internal
 quotation marks omitted) (holding custodial interrogation includes "express
 questioning, or its functional equivalent which includes words or actions on
 the part of the police (other than those normally attendant to arrest and
 custody) that the police should know are reasonably likely to elicit an
 incriminating response"); State v. Kennedy, 333 S.C. 426, 429, 510
 S.E.2d 714, 715 (1998) (recognizing a waiver need not be express; an implicit
 waiver is sufficient); State v. Moses, 390 S.C. 502, 513, 702 S.E.2d 395,
 401 (Ct. App. 2010) (requiring a court examining whether a Miranda waiver was made freely, knowingly, and voluntarily to determine "whether
 the defendant's will was overborne by the totality of the circumstances
 surrounding the confession"); State v. Hughes, 336 S.C. 585, 594,
 521 S.E.2d 500, 505 (1999) ("Absent coercive police conduct causally
 related to a confession, there is no basis for finding a confession
 constitutionally involuntary.").  
AFFIRMED.  
FEW, C.J., KONDUROS, J.,
 and CURETON, A.J., concur.  

[1] Miranda v. Arizona, 384 U.S. 436 (1966).