THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of
 the Care and Treatment of Gilbert Gonzalez, Appellant.
 
 
 

Appeal from Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2012-UP-003
Heard October 31, 2011  Filed January 4,
 2012 

AFFIRMED

 
 
 
Appellate Defender Lanelle C. Durant, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, and Assistant Attorney General Deborah R. J. Shupe, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Gilbert
 Gonzalez appeals his civil commitment to the South Carolina Department of
 Mental Health for long-term control, care, and treatment, pursuant to the
 Sexually Violent Predator Act (SVPA), South Carolina Code sections 44-48-10 to
 -170 (2002 & Supp. 2010).  We affirm pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:
1.    As to whether the trial court
 abused its discretion in denying Gonzalez's requested jury charges, the record
 demonstrates that the trial court's extensive jury charge accurately and fairly
 stated the applicable law: In re Care & Treatment of Canupp, 380
 S.C. 611, 616, 671 S.E.2d 614, 616 (Ct. App. 2008) (citations omitted) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct
 definition and adequately covers the law. To
 warrant reversal, a circuit court[']s refusal to give a requested jury charge must be both erroneous and
 prejudicial to the defendant."); Davis v. Tripp, 338 S.C. 226, 237,
 525 S.E.2d 528, 534 (Ct. App. 1999) (holding the trial court did not err in
 refusing to give the requested instruction and stating: "We have examined
 the court's charge to the jury and conclude that, when viewed in its entirety,
 it fairly and sufficiently sets forth the applicable law in this case.").
2.    As to whether the trial court
 abused its discretion in allowing the State to contend in its closing argument
 that the jury could draw an inference from the absence of Gonzalez's expert at
 trial, we find no abuse of discretion: Von Dohlen v. State, 360 S.C.
 598, 609-10, 602 S.E.2d 738, 744 (2004) (citation omitted) ("The [closing]
 argument must not be calculated to arouse the jurors' passions or prejudices,
 and its content should stay within the record and reasonable inferences
 that may be drawn therefrom."); Johnson
 v. Life Ins. Co. of Ga., 227 S.C. 351, 369, 88 S.E.2d 260, 269 (1955) (citations
 omitted) ("Control of the arguments of counsel rests in the discretion of
 the trial judge, and considerable latitude is generally
 allowed in the matter of drawing and arguing inferences and deductions from the
 evidence."). 
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.