**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Johnathan Rakim Bright, Appellant.

Appellate Case No. 2020-000076

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2023-UP-160
Submitted April 1, 2023 – Filed April 26, 2023

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek and
Appellate Defender Taylor Davis Gilliam, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior
Assistant Deputy Attorney General William M. Blitch,
both of Columbia, for Respondent.

**PER CURIAM:** Johnathan Rakim Bright appeals his convictions for possession of a stolen pistol, unlawful possession of a pistol, and unlawful carrying of a pistol and his aggregate sentence of five years' imprisonment. On appeal, Bright argues

the trial court erred in (1) admitting a dash camera video of his arrest that contained his post-arrest statement when he was never *Mirandized*[1] and (2) denying his motion to bifurcate his trial. We affirm.

1. We hold the trial court did not abuse its discretion by admitting the dash camera video that contained Bright's un-*Mirandized* post-arrest statements. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). When Bright made the statements at issue, he was in custody and was not *Mirandized*; however, he was not interrogated by the officers in the video. All of the statements played for the jury were voluntary; therefore, the video was admissible. *See State v. Kennedy*, 325 S.C. 295, 303, 479 S.E.2d 838, 842 (Ct. App. 1996) ("The special procedural safeguards outlined in *Miranda* are not required if a suspect is simply taken into custody, but only if a suspect in custody is subjected to interrogation."), *aff'd as modified*, 333 S.C. 426, 510 S.E.2d 714 (1998); *id.* ("Interrogation is either express questioning or its functional equivalent."); *id.* ("It includes words or actions on the part of police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response."); *State v. Hook*, 348 S.C. 401, 410, 559 S.E.2d 856, 860 (Ct. App. 2001) ("Volunteered statements, whether exculpatory or inculpatory, stemming from custodial interrogation or spontaneously offered up, are not barred by the Fifth Amendment."), *aff'd as modified*, 356 S.C. 421, 590 S.E.2d 25 (2003).

2. We hold the trial court did not abuse its discretion by denying Bright's motion to bifurcate the trial. *See State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The conduct of a criminal trial is left largely to the sound discretion of the trial judge, who will not be reversed in the absence of a prejudicial abuse of discretion."); *id.* ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."). A bifurcated trial was not required because this was a non-capital case. *See Chubb v. State*, 303 S.C. 395, 397, 401 S.E.2d 159, 161 (1991) ("[A] bifurcated proceeding is not required in a non-capital case."); *State v. Bennett*, 256 S.C. 234, 242, 182 S.E.2d 291, 295 (1971) ("[A bifurcated trial] is not required by either the common law, the statutory law, or the constitution of this State."). Furthermore, Bright was charged with unlawful possession of a handgun, which requires the State, pursuant to section

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

16-23-30 of the South Carolina Code (2015), to prove a prior conviction for a violent crime as an element of the offense.  Therefore, evidence of Bright's prior conviction for armed robbery was admissible to prove that element.  *See* S.C. Code Ann. § 16-23-30 (2015) (stating it is illegal for any individual convicted of a violent crime to possess a handgun); *State v. Benton*, 338 S.C. 151, 155, 526 S.E.2d 228, 230 (2000) ("[E]vidence of other crimes is admissible to establish a material fact or element of the crime charged."); *State v. Green*, 261 S.C. 366, 371, 200 S.E.2d 74, 77 (1973) ("[E]vidence logically relevant to establish a material element of the offense charged is not to be excluded merely because it incidentally reveals the accused's guilt of another crime.").

We find *Cross* is inapposite here because a prior conviction for a sexual offense carries a greater risk of unfairly prejudicing a jury than a prior conviction for armed robbery.  *See State v. Cross*, 427 S.C. 465, 478, 832 S.E.2d 281, 288 (2019) (holding the trial court erred in refusing to bifurcate because "of the inherently prejudicial stigma a prior sex-related offense undoubtedly carries").  Furthermore, we hold Bright was not unfairly prejudiced by the admission of his prior conviction because the trial court issued a limiting instruction and this court presumes juries follow their instructions.  *See State v. Cheatham*, 349 S.C. 101, 109-10, 561 S.E.2d 618, 623 (Ct. App. 2002) (holding the admission of a defendant's "prior burglary and housebreaking convictions as an element of first[-]degree burglary [did] not constitute unfair prejudice" because the trial court "specifically instructed the jury not to consider Cheatham's prior convictions as evidence of the [charged] burglary and to limit their consideration of the prior convictions to whether an element of first[-]degree burglary was proven."); *State v. Young*, 420 S.C. 608, 623, 803 S.E.2d 888, 896 (Ct. App. 2017) (stating, the court of appeals presumes juries follow their instructions); *id.* at 624, 803 S.E.2d at 896 ("Limiting instructions are deemed to cure error unless 'it is probable that, notwithstanding the instruction, the accused was prejudiced.'"  (quoting *State v. Smith*, 290 S.C. 393, 395, 350 S.E.2d 923, 924 (1986))).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.